UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| QUINCY MUTUAL FIRE INSURANCE COMPANY a/s/o ALDA DONNELLY, <br><br> Plaintiff, <br><br> v. <br><br> VIVINT SOLAR DEVELOPER, LLC, and PHILIP F. ZAMPITELLA, <br><br> Defendants. | * <br> * <br> * <br> * <br> * <br> * Civil Action No. 17-cv-12343-ADB <br> * <br> * <br> * <br> * <br> * |

## **MEMORANDUM AND ORDER ON MOTIONS TO REMAND AND DISMISS**

BURROUGHS, D.J.

Plaintiff Quincy Mutual Fire Insurance Company, on behalf of the insured, Alda Donnelly, brings this suit against Vivint Solar Developer, LLC ("Vivint") and Philip F. Zampitella for negligence, strict liability, gross negligence, negligent supervision, fraud, breach of contract, and violations of Massachusetts General Laws chapters 93A and 142A. [ECF No. 1-1 at 6–12]. Now before the Court is a Rule 12(b)(6) motion to dismiss brought by Vivint [ECF No. 8] and a Rule 21 motion to dismiss by Zampitella [ECF No. 7], as well as a motion to remand the action to state court brought by Plaintiff [ECF No. 13].

### I. BACKGROUND

In evaluating a motion to dismiss, the Court "must take the complaint's well-pleaded facts as true" and draw "all reasonable inferences in the pleader's favor." Hochendoner v. Genzyme Corp., 823 F.3d 724, 730 (1st Cir. 2016); see also Carden v. Klucznik, 775 F. Supp. 2d 247, 249 (D. Mass. 2011) (applying 12(b)(6) standard to Rule 21 motion). The following facts are drawn from the complaint.

Plaintiff is a property and casualty insurance company with a principal place of business in Quincy, Massachusetts. [ECF No. 1-1 ¶ 1]. Defendant Vivint is a limited liability corporation, incorporated in Delaware, with a principal place of business in Utah. Id. ¶ 3. Defendant Zampitella is an individual who resides in Ipswitch, Massachusetts. Id. at ¶ 5.

On or about August 20, 2014, Plaintiff's subrogor, Donnelly, signed an agreement with Vivint, a company that installs residential solar panel systems, whereby Vivint would install solar panels at her home. Id. at ¶ 9. Plaintiff alleges that Howard Nell, the Vivint Solar Manager with whom she signed the agreement, failed to explain and disclose all of the terms and conditions of the proposed agreement, in violation of applicable law. Id. at ¶¶ 9, 13–15.

On or about April 29, 2015, Vivint employees installed solar panels and related equipment on the Donnelly property. Id. at ¶ 26. Zampitella, a Master electrician, was the permit holder for the installation work at the Donnelly residence. Id. at ¶ 20. As part of the installation process, the individuals installing the solar panels allegedly drove a metallic rod into the ground outside the Donnelly property in order to ground the system and connect the residence to solar panel equipment. Id. at ¶ 27. Donnelly's property was serviced by a heating system with an underground propane gas tank, and a gas line ran from the underground propane tank into the basement. Id. at ¶ 28. The underground tank had a visible gas line cover near the area where Vivint's employees drove the rod into the ground. Id. When the installers drove the rod into the ground, it struck the underground gas line and pierced the propane line, creating a gas leak. Id. at ¶ 31. The employees then removed the grounding rod, repositioned it to another location on the Donnelly property, but did not investigate the obstruction encountered or the damage caused to the gas line. Id. at ¶ 32.

When Donnelly's son returned home from work, he adjusted the property's thermostat,

and an explosion and fire followed, which demolished the contents of the property and severely injured Donnelly and her son. Id. at ¶ 34. As a result, the installation of solar panels on the Donnelly home became impossible to perform. Id. at ¶ 35. At the time of the incident, Donnelly had an "all-risk" insurance policy with Quincy Mutual. Id. at ¶ 39. In accordance with the policy, Quincy Mutual issued actual cash value payments for the damaged property, and as a result is now seeking, as a subrogee, to recover its claim payments and the deductible from Defendants. Id. at ¶¶ 40–41.

Plaintiff filed a complaint [ECF No. 1-1] in the Massachusetts Superior Court for Norfolk County on September 22, 2017. On November 28, 2017, Defendants removed the case to federal court based on diversity of citizenship pursuant to 28 U.S.C. § 1332. [ECF No. 1]. On December 4, 2017, Zampitella filed a Motion to Dismiss [ECF No. 7], and on December 18, 2017, Vivint filed a Motion to Dismiss [ECF No. 8]. On December 27, 2017, Plaintiff moved to remand the action to state court [ECF No. 13].

## II.   MOTION TO REMAND

### A.   Standard of Review

When assessing a claim of fraudulent joinder, "the court is not bound by the allegations in the complaint and may consider affidavits and other materials that bear on the question of whether there is a reasonable basis for joinder of the defendant." In re Fresenius Granuflo/Naturalyte Dialysate Prods. Liab. Litig., 76 F. Supp. 3d 321, 333 (D. Mass. 2015) (citing Mills v. Allegiance Healthcare Corp., 178 F. Supp. 2d 1, 6 (D. Mass. 2001)); see Surabian Realty Co. v. CUNA Mut. Grp., 245 F. Supp. 3d 297, 299 (D. Mass. 2017) (same); Antony v. Duty Free Ams., Inc., 705 F. Supp. 2d 112, 115 (D. Mass. 2010) ("[T]he fraudulent joinder doctrine provides an exception to the general rule [on a motion to dismiss] prohibiting courts

from considering evidence extrinsic to the facts in the complaint."); see also Badon v. RJR Nabisco Inc., 236 F.3d 282, 285 n.3 (5th Cir. 2000) ("Badon") (considering "undisputed summary judgment type evidence" when determining whether any reasonable possibility of recovery under state law existed).

B.  **Discussion**

Plaintiff moves to remand this case to state court, arguing that Defendants have not met their burden of demonstrating the existence of diversity jurisdiction in light of the fact that the parties are not, in fact, completely diverse. Defendants argue that removal was proper and that there is complete diversity because Zampitella was fraudulently joined. In the absence of Zampitella, there would be complete diversity and this Court would have subject matter jurisdiction over Plaintiff's claim under 28 U.S.C. § 1332.

"[U]nder the doctrine of fraudulent joinder, removal is not defeated by the joinder of a non-diverse defendant where there is no reasonable possibility that the state's highest court would find that the complaint states a cause of action upon which relief may be granted against the non-diverse defendant." Universal Truck & Equip. Co. v. Southworth-Milton, Inc., 765 F.3d 103, 108 (1st Cir. 2014). The removing party bears the burden of demonstrating by clear and convincing evidence either that "there was outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that the plaintiff can state a cause of action against the non-diverse defendant in state court." Surabian Realty, 245 F. Supp. 3d at 299 (quoting Mills, 178 F. Supp. at 5) (noting that the court has adopted this test from the Second Circuit). In deciding whether there is a "reasonable basis in law and fact" for the claim, the Court must "resolve all disputed questions of fact and any ambiguities in the current controlling substantive law in plaintiffs' favor." Phillips v. Medtronic, Inc., 754 F. Supp. 2d 211, 215 (D.

4

Mass. 2010) (quoting Badon, 236 F.3d at 286); see Badon v. RJR Nabisco Inc., 224 F.3d 382, 393 (5th Cir. 2000) ("RJR Nabisco") (explaining that court resolves factual controversies in favor of non-moving party, but only when there is actual controversy, that is, when both parties have submitted evidence of contradictory facts); see also In re Fresenius, 76 F. Supp. 2d at 333 (applying Badon, inter alia).

Here, Defendants have not suggested there was outright fraud committed in the complaint, so the only question is whether there is a reasonable possibility that Plaintiff has a claim against Zampitella. Defendants argue that because Zampitella was an employee of Vivint, and that Vivint is therefore liable for his actions under the principle of respondeat superior, Plaintiff cannot state a claim against him.[1] Plaintiff concedes that if Zampitella was an employee of Vivint, then there is no viable claim against him, but also alleges that Zampitella was an independent contractor, and therefore potentially liable for the misuse of his Master's License and for any negligence of the journeymen working under it under the principle of respondeat superior.[2] In effect, the parties agree that the question of whether Plaintiff can legitimately assert

---

[1] The doctrine of respondeat superior ordinarily does not shield a negligent employee from the employee's own liability. See Horras v. Leavitt, 495 F.3d 894, 904 (8th Cir. 2007) (quoting Pavelka v. Carter, 966 F.2d 645, 651 (4th Cir. 1993)) (stating that under the doctrine of respondeat superior "liability is joint and several; the servant is not relieved"); see also Wyss v. Gen. Dynamics Corp., 24 F. Supp. 2d 202, 211 (D.R.I. 1998) ("[A]n employer's liability under respondeat superior is not mutually exclusive of an individual employee's joint and several liability."). Courts in other districts, though, have held that joinder was fraudulent under similar circumstances. For example, in Linnin v. Michielsens, the court found a non-diverse employee of the defendant had been fraudulently joined because "even if there was a possibility that Defendant [employee] could be found negligent, Plaintiff had 'no real intention [to get] a joint judgment.'" 372 F. Supp. 2d 811, 825 (E.D. Va. 2005) (citing AIDS Counseling & Testing Ctrs. v. Grp. W Television, Inc., 903 F.2d 1000, 1003 (4th Cir. 1990)). The court noted that "given the relative financial positions of most companies versus their employees, the only time an employee is going to be sued is when it serves a tactical legal purpose, like defeating diversity." Id. at 823 n.4 (quoting Ayoub v. Baggett, 820 F. Supp. 298, 300 (S.D. Tex. 1993)).

[2] In Plaintiff's memorandum in support of its Motion to Remand [ECF No. 14], Plaintiff incorporates by reference its argument in its opposition to Zampitella's Motion to Dismiss [ECF No. 9].

a claim against Zampitella turns on whether he was an employee of Vivint or an independent contractor.

To support the assertion that Zampitella was an employee of Vivint, Defendants proffered Zampitella's 2015 W-2 [ECF No. 16-1 at 3], his I-9 Employment Eligibility Verification [ECF No. 16-1 at 2], an affidavit in which Zampitella states he "was working for Vivint at the time of the alleged incident" [ECF No. 7-3 at 2], and a License Holder Agreement between Zampitella and Vivint [ECF No. 16-2]. Defendants assert that Zampitella was not at the Donnelly residence on the date of the alleged incident, did not perform work at the site, and merely holds the Master's License, which under Massachusetts regulations allows Vivint to employ multiple journeymen electricians at one time.

To support the assertion that Zampitella was not an employee, Plaintiff submitted permits indicating Zampitella may have performed work as an independent contractor for individual, non-Vivint clients from 2014–2016[3] [ECF No. 9-2], Massachusetts Secretary of State Corporation Records indicating that Zampitella was the Director of "All Service Electric, Inc.," a Massachusetts electrical contracting corporation [ECF No. 9-3], a Massachusetts Office of Consumer Affairs and Business Regulations 2017 meeting agenda noting that Zampitella's Master's License, which was previously in use by Vivint, was removed by the Commonwealth of Massachusetts Board of State Examiners of Electricians and the Board of Appeals after his "contract" with Vivint expired [ECF No. 9-4], a June 22, 2017 Certificate of Amendment for Foreign Limited Liability Company filed with the Massachusetts Secretary of State Corporation records in which Vivint adds David Bywater as an authorized "officer/manager" and Lloyd

---

[3] Zampitella argues that these permits appear to refer to his father, also a Master Electrician named Philip Zampitella, as the address and information refers to the father. [ECF No. 12 at 1 n.1].

Smith as an authorized "signatory/manager" and notes that at the time of filing there were "no managers listed on the registration certificate" [ECF No. 9-5], Vivint's SEC Form 424B4 filing, dated October 1, 2014, indicating it compensates its installers on a per-project basis and not on an hourly basis [ECF No. 9-6], a consent decree entered into between Zampitella and the Massachusetts Board of State Examiners of Electricians in which Zampitella was disciplined and fined for a violation of the Commonwealth's job staffing requirements, and which allegedly indicates that a Master Electrician is personally responsible for the journeymen workers at a Vivint customer's premises [ECF No. 9-7], and the expert opinion of a Master Electrician and former Executive Secretary of the Massachusetts Board of Electrical Examiners stating that unless it can be established that Zampitella was a manager or officer of Vivint, then Vivint's use of his Masters' License violated state law, and that Zampitella was legally an independent contractor [ECF No. 9-7].

Having weighed the evidence submitted by both parties, the Court concludes that Plaintiff has met its burden to show there is "at least an arguably reasonable basis for predicting" that it could prevail on its claim against Zampitella. See Badon, 236 F.3d at 286. The evidence submitted by Plaintiff indicates that it might be able to prove that Zampitella was an independent contractor. For example, evidence that Zampitella operated his own contracting corporation, that he may have performed work for individual clients during the time at issue, the reference to his "contract" with Vivint in state records, and the Vivint Form 424B4 filing indicating that it compensates its installers on a per-project basis, not an hourly basis, all could contribute to proving that Zampitella worked as a contractor during the relevant time, and was not an employee of Vivint. Further, Defendants' evidence is not strong enough to demonstrate conclusively that Zampitella was an employee of Vivint. References to Zampitella "working for

Vivint" and contractual language that Vivint desires to "employ" Zampitella do not prove that he satisfied the legal definition of an employee or that Vivint treated him as an employee rather than as an independent contractor. Notably, while Vivint did issue a W-2 to Zampitella, which ordinarily is only required for employees, not independent contractors,[4] the W-2 shows that Zampitella was paid only $3,927.17 in wages by Vivint in 2015, which does not indicate full-time employment throughout 2015. Accordingly, even if the documentation submitted by Defendants indicates that Zampitella was an employee of Vivint for some of 2015, it does not prove he was an employee at the time of the installation of the solar panels on the Donnelly property. Thus, based on the evidence submitted by the parties, and resolving all disputed questions of fact in Plaintiff's favor, see Phillips, 754 F. Supp. 2d at 215, the Court is not able to conclude that Plaintiff cannot prevail on its claims against Zampitella. See id. at 217 ("[a]ny possibility of recovery, even if slim, militates against a finding of fraudulent joinder (quoting Locicero v. Sanofi-Aventis U.S. Inc., No. 08-cv-489S, 2009 WL 2016068, at *4, *8 (W.D.N.Y. July 10, 2009)). Accordingly, Zampitella was not fraudulently joined and the case must be remanded to state court due to a lack of diversity jurisdiction.[5]

## III.   ZAMPITELLA'S MOTION TO DISMISS

Zampitella also argues, irrespective of whether he is fraudulently joined, that the Court should exercise its discretion under Fed. R. Civ. P. 21 to drop him as a party, which would cure

---

[4] Compare IRS, About Form W-2, Wage and Tax Statement (May 9, 2018), https://www.irs.gov/forms-pubs/about-form-w2 with IRS, Forms and Associated Taxes for Independent Contractors (Apr. 23, 2018), https://www.irs.gov/businesses/small-businesses-self-employed/forms-and-associated-taxes-for-independent-contractors (explaining that Form 1099-MISC is typically used to report wages of independent contractors).

[5] Plaintiff also argues that removal was improper because Zampitella did not agree to removal. Vivint argues in response that it did not need consent of its co-defendant Zampitella because Zampitella was fraudulently joined. Given the Court's decision to remand the case, this issue need not be addressed.

8

the jurisdictional defect. "[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 832 (1989). The decision to dismiss a non-diverse party is within discretion of the court, but this authority should be exercised "sparingly." Casas Office Machs., Inc. v. Mita Copystar Am., Inc., 42 F.3d 668, 677 (1st Cir. 1994). "The decision to dismiss 'revolves largely around whether the non-diverse litigant is a dispensable or indispensable party.'" Carden, 775 F. Supp. 2d at 251 (quoting Am. Fiber & Finishing Inc. v. Tyco Healthcare Grp., LP, 362 F.3d 136, 142 (1st Cir. 2004)).

Courts in other districts have held that it is improper for a court to use Rule 21 to drop a party where the lack of complete diversity was apparent at the time of removal and where defendants have failed to show fraudulent joinder. See, e.g., Rouse v. State Farm Mut. Auto. Ins. Co., No. 1:14-cv-690, 2015 WL 3849648, at *5 (M.D.N.C. June 22, 2015); Sons of the Revolution in N.Y., Inc. v. Travelers Indem. Co. of Am., No. 14 Civ. 03303(LGS), 2014 WL 7004033, at *2 (S.D.N.Y. Dec. 11, 2014); Phillips v. R.R. Dawson Bridge Co., No. 2:14-cv-00480-LSC, 2014 WL 3970176, at *5 (N.D. Ala. Aug. 12, 2014); Brown v. Endo Pharm., Inc., 38 F. Supp. 3d 1312, 1326 (S.D. Ala. 2014) (collecting cases). In Rouse, the court explained that the application of Rule 21 would be inconsistent with the fraudulent joinder analysis, because "[w]hile defendants bear a heavy burden in proving fraudulent joinder, they could succeed on a Rule 21 motion on a far lesser standard simply by appealing to the court's discretion." Rouse, 2015 WL 3849648, at *5; see also R.R. Dawson, 2014 WL 3970176, at *5 ("If a defendant could sever non-diverse defendants in order to establish removal jurisdiction, many defendants would likely attempt to seek this post-removal action by the courts in order to avoid meting the burdens associated with fraudulent joinder. Such a broad right would be inconsistent with the strict

construction of the removal statute and the presumption in favor of remand.").

Here, the lack of complete diversity was apparent at the time of removal because Plaintiff and Zampitella are not diverse from one another. If the Court applied Rule 21 and dropped Zampitella from the case, it would be allowing Defendants to succeed in retaining federal jurisdiction over the case despite not being able to meet the heavy burden of proving fraudulent joinder. See Rouse, 2015 WL 3849648, at *5. Accordingly, the Court declines to exercise its discretion to drop Zampitella and denies his Rule 21 motion.[6]

## IV.  CONCLUSION

Accordingly, Plaintiff's Motion to Remand [ECF No. 13] is GRANTED, Zampitella's Motion to Dismiss under Rule 21 [ECF No. 7] is DENIED, and Vivint's Motion to Dismiss under Rule 12(b)(6) [ECF No. 8] is DENIED as moot.

**SO ORDERED.**

August 20, 2018                                              /s/ Allison D. Burroughs
                                                             ALLISON D. BURROUGHS
                                                             U.S. DISTRICT JUDGE

---

[6] Given that Plaintiff's Motion to Remand is granted, the Court lacks subject matter jurisdiction to decide Vivint's Motion to Dismiss pursuant to 12(b)(6), and therefore denies it as moot.